JUDGE SIMPSON
delivered the ohnion oe the court:
Fox being the owner of a slaughter-house in the city of Cincinnati, was employed by Ferguson to slaughter for him a large lot of fat hogs. The hogs were delivered to Fox to be slaughtered, on the 24th of November, 1853. By the agreement of the parties, they were to be slaughtered on delivery; but they were not slaughtered for several days afterwards.
This action was brought by Ferguson against Fox for a breach of his contract. The plaintiff contends that the defendant failed and neglected to comply with his contract to slaugh *85 ter the hogs immediately on delivery, although the weather was then suitable for that purpose. That he, on a subsequent day, when the plaintifl was absent, and when the weather had become warm and damp, slaughtered two hundred and thirty-nine of the hogs, whereby a considerable portion of the meat was spoiled and lost, greatly to the injury of the plaintiff.
He alleged in his petion that he had sold five hundred hogs to Dominick at the price of-f>4 75 per hundred pounds net; that Dominick refused to receive the two hundred and thirty-nine hogs which had been thus slaughtered by the defendant, because the weather was warm and unsuitable for slaughtering; and that besides the injury he had sustained by losing part of the meat, he was compelled to sell the balance of it at the price of four dollars per hundred pounds net, after making every effort he could to sell it for a better price, and thus had sustained an additional loss of seventy-five cents per hundred pounds net, on the two hundred and thirty-nine hogs.
The defendant averred in his answer that the plaintiff’s hogs had been slaughtered on the day mentioned, by the directions of the plaintiff himself, who was present at the time, and urged the defendant to have the hogs slaughtered at the time it was done.
On the trial in the circuit court the defendant obtained a verdict. A motion by the plaintiff for a new trial was overruled, and judgment rendered for the defendant, from which the plaintiff has appealed.
The action of the court below during the progress of the trial is principally relied upon to reverse the judgment appealed from.
In the first place, it is contended that the court erred in failing to reduce to writing the instructions which it gave to the jury, although requested to do it by the plaintiff’s counsel.
By the 347th section of the Code of Practice, it is provided, that “ when the evidence is concluded, either party may request instructions to the jury on points of law, which shall be given or refused by the court; which instructions shall be reduced to writing if either party require it.”
*86 This we regard as a very salutary provision. The exact import of an instruction can be better comprehended when it has been reduced to writing, than it can be when given orally. The controversies which sometimes arise after the trial, with respect to the precise nature and extent of the verbal instructions which were given, will be avoided by having them reduced to writing. The rights of the parties will also be more effectually secured, and the ends of justice better promoted, by having it done.
The failure of the court, therefore, to reduce the instructions to writing when required by either party, would be an error sufficient to reverse the judgment.
It appears that after the trial had ended in this case, “ one of the jury asked the court if the instructions given to the jury were in writing, to which the court replied, they were not, but the jury could retire, and the instructions would be reduced to writing, and if they had any difficulty, they could send for the written instructions. The counsel for the plaintiff then said he hoped they would be reduced to writing.” It also' appears that the jury did not send for the written instructions, and that they were not reduced to writing by the court until the second day after the jury returned their verdict.
We have no doubt that either party may require the instructions to be reduced to writing before the jury retire to consult about their verdict; but the requisition should be made in such a manner as not to mislead the court, but to inform it clearly of the desire of the party on the subject. Here the court had said to the jury that they could retire, and the instructions would be reduced to writing, and if they had any difficulty, they could send for them. The plaintiff’s counsel then remarked, he hoped they would be reduced to writing; but whether he desired it to be done in the manner suggested by the court, or before the jury retired from the bar, he did not say. Under these circumstances we do not regard the failure of the court to reduce the instructions to writing as a sufficient ground for the reversal of the judgment. The language used was equivocal, and not sufficient to apprise the court that the counsel required the instructions to be reduced to writing at that time.
*87 But we think the instructions that were given to the jury were misleading and erroneous.
The plaintiff asked the court to instruct the jury, “that if they find, from the evidence, that the plaintiff engaged the defendant to slaughter plaintiff’s hogs on a named day, and the plaintiff had his hogs at the place on that day ready to be slaughtered, and the defendant neglected to slaughter them on that day for any cause, but subsequently slaughtered them on a day not suitable for that purpose, by which the plaintiff lost a portion of the product, and also the benefit of a contract for part of the product, they will find for the plaintiff, not only for his trouble and expense in keeping his hogs over, but also the value of the spoiled meat, and the loss sustained by plaintiff in the sale of the product not spoiled.”
The court declined giving this instruction, as asked, but gave it with the following modification, viz : “Unless the jury find, from the evidence, that on the day the hogs were slaughtered, it was done by plaintiff’s direction, in which event they will find nothing for spoiled meat and loss in the sale of the product, but will find for the plaintiff for trouble and expense in keeping the hogs over.”
This modification was objectionable, because it assumed that the slaughtering of the hogs on a day not suitable for that purpose, was the cause not only of the spoiled meat, but also of the loss sustained by the plaintiff in the sale of the product not spoiled. Now, whether the loss in the sale of the product that was not spoiled was caused by slaughtering on that day, or by the failure of the defendant to slaughter on a previous day, was a question of fact for the jury to determine, inasmuch as there was some evidence tending to show that it was the effect of the latter cause. The court had no right to assume that this loss was attributable to either one of the causes, as it was a matter of fact which it was the province of the jury to decide. The modification, therefore, to have been proper, should have been so qualified as to have left it to the jury to determine whether the loss referred to was caused by slaughtering the hogs on the day it was done, or by the failure of the defendant to slaughter them according to his undertaking.
*88 The jury were told by a subsequent instruction, that if the plaintiff sustained loss in the sale of his hogs from defendant’s delay in slaughtering them, he was entitled to recover, notwithstanding his direction to defendant to slaughter them on the day they were slaughtered.
This instruction did not, however, cure the defect in the previous one. In that one, they were told that the loss in the sale of the product was caused by slaughtering the hogs on the day it was done; they would, therefore, have supposed that the loss referred to in the last instruction was different from that referred to in the first one. And if the instructions are to be regarded as referring to and embracing the same loss, then they are inconsistent, and were calculated to embarrass and mislead the jury.
The fourth instruction asked by the plaintiff would have been unnecessary if the previous ones had been correct, as they would have presented to the jury the whole law of the case. But for the error in the modification of the plaintiff’s first instruction, the judgment is erroneous, and will have to be reversed.
Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings not inconsistent with this opinion.